LEONARDO M. RAPADAS
United States Attorney
RYAN M. ANDERSON
Special Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Ave.
Hagåtña, Guam 96910
TEL: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
DEC -1 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff. <br><br> vs. <br><br> LISA HENSON, <br><br> Defendant. | MAGISTRATE CASE NO. 06-00028 <br><br> **PLEA AGREEMENT** |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, LISA HENSON, enter into the following plea agreement:

1. The defendant, LISA HENSON, agrees to enter a guilty plea to an Information charging her with Reckless Driving, in violation of Title 16, Guam Code Annotated, Section 9107, as assimilated by Title 18, United States Code, Sections 7(3) and 13.

2. The defendant understands that the <u>maximum</u> sentence for Reckless Driving, in violation of 16 G.C.A. § 9107, as a petty misdemeanor as specified in 9 G.C.A. § 80.34, is (60) days imprisonment and a fine or restitution not exceeding five hundred dollars ($500) as set forth in 9 G.C.A. § 80.50. The defendant also understands that she will be subject to a $10 special

1

assessment fee, as set forth in 18 U.S.C. § 3013,. Following the sentencing on the Reckless Driving offense, the United States will dismiss the Information in Criminal Case No. 06-00047.

3. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of her financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

4. The defendant understands that to establish the violation of Reckless Driving, in violation Title 16, Guam Code Annotated, Section 9107, as assimilated by Title 18, United States Code, Sections 7(3) and 13, the United States must prove each of the following elements beyond a reasonable doubt:

    a. <u>First</u>, that the defendant drove her vehicle upon a highway;

    b. <u>Second</u>, that her driving was in willful or wanton disregard for the safety of persons or property; and

    c. <u>Third</u>, that the offense occurred on land acquired for the use of the United States and under the exclusive or concurrent jurisdiction thereof.

5. The government and the defendant stipulate to the following facts for purposes of the sentencing:

    a. The defendant was born in 1975 and is a citizen of the United States; and

    b. That on or about August 17, 2006, in the District of Guam, the defendant, LISA HENSON, at U.S. Naval Base Guam, on land acquired for the use of the United States and under the exclusive jurisdiction thereof, did drive her motor vehicle upon a highway in willful or wanton disregard for the safety of persons or property thereon. That while the defendant, LISA HENSON, was driving her motor vehicle, she was under the influence of an alcoholic beverage. That while the defendant, LISA HENSON, was driving her motor vehicle, she ran over a road sign which directed individuals to the site of a historic trial.

6. The defendant agrees to pay restitution in the amount of $500.00 to the United States Treasury for the damage she caused to the road sign which directed individuals to the site of a historic trial.

7. The United States and the defendant agree to recommend the following sentence:;

   a. That the defendant participate in, and successfully complete an alcohol or drug education program, or both of these programs as designated by the court;

   b. That the defendant be referred to a qualified substance abuse counselor for an assessment of the person's alcohol dependence and need for treatment;

   c. That the counselor submit a report with recommendations to the court, which may require the person to obtain appropriate treatment;

   d. That all costs for such assessment or treatment or both be borne by the defendant;

   e. That the defendant be placed on 60 (sixty) days supervised probation during which, at a minimum, the following conditions of probation be imposed:

      (1) Defendant shall not commit another Federal, State, or local crime during the term of probation;

      (2) Defendant shall refrain from drinking alcohol during the probationary period and shall submit to alcohol testing as directed by her Probation Officer;

   f. That failure of the defendant to follow all of her conditions of probation will result in a hearing to revoke probation at which time the court may impose the maximum penalty allowable under the statute charged.

8. The parties understand and agree that it is the Court's duty to impose sentence upon the defendant, and that any sentence either stipulated to or recommended herein is not binding on the court.

9. The defendant agrees to waive any right to appeal or to collaterally attack this conviction. The defendant reserves the right to appeal the sentence actually imposed in this case.

3

10. The defendant acknowledges that she has been advised of her rights as set forth below prior to entering into her plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

   a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

   b. Her right to be represented by an attorney;

   c. Her right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against her, and the right not to be compelled to incriminate herself, that is, the right not to testify;

   d. That if she pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into her plea agreement, she waives, that is, gives up, the right to a trial;

   e. That, upon entry of a plea of guilty, or thereafter, the Court may ask her questions about the offenses to which she has pled, under oath, and that if she answers these questions under oath, on the record, her answers may later be used against her in prosecution for perjury or false statement if an answer is untrue;

   f. That she agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from the plea agreement;

   g. That she reads, writes and speaks the English language and has no need for an interpreter;

   h. That she has read the plea agreement and understands it; and

4

i. The Defendant is satisfied with the representation of her lawyer and feels that her lawyer has done everything possible for her defense.

29 Nov 06
DATE

*(signature)*
LISA HENSON
Defendant

29 NOV 06
DATE

*(signature)*
THOMAS J. FISHER
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATE

By: *(signature)*
RYAN M. ANDERSON
Special Assistant U.S. Attorney

11/29/06
DATE

*(signature)*
JEFFREY J. STRAND
First Assistant U.S. Attorney

5